UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILES DEAN FLEMING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-433 |
| | § | |
| K. GILSTRAP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Miles D. Fleming (TDCJ #1566772), a state inmate, has filed a complaint under 42 U.S.C. §1983 against the following Defendants employed at the Retrieve Unit: Warden Lumpkins, Assistant Warden Williams, Capt. Gilstrap, Lt. James and Sgt. Stephens. The plaintiff proceeds *pro se* and *in forma pauperis*. Because the complaint is somewhat unintelligible, the Court ordered the Texas Attorney General to provide copies of plaintiff's grievances under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987). *See also Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997) (the Fifth Circuit has adopted the procedure used in *Martinez* to assist in assessing prisoner litigation under 28 U.S.C. § 1915). After reviewing all pleadings as required by 28 U.S.C. §1915A(a), the Court concludes that this case must be dismissed for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the plaintiff's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact.

*See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, the plaintiff asserts that he was ordered to move from a single cell in protective custody to the medium custody wing of the Retrieve Unit. The plaintiff refused to move because he feared for his life. He alleges that at some indeterminate time afterwards, the response team inflicted cruel and unusual punishment when they "gassed [him] for information that he has." (ECF No. 1-10). He also alleges that some of his legal work and family photos "came up missing," that his "case" is on appeal "out of Dallas," that he had five attorneys that could not do their jobs, that his bail was excessive in 2003 for "nailing a [cop] one time with [his] hand," and that he was sent to the North Texas State Hospital to cover up "the conspiracy" in Dallas and Mississippi. (ECF No. 1).

The plaintiff's cause of action is subject to summary dismissal for failure to exhaust the administrative grievance process. Under the Prison Litigation Reform Act of 1996 (PLRA), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal

court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that section 1997e(a) mandates exhaustion of <u>all</u> administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81 (2006); *see also Jones v. Bock,* 549 U.S. 199 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has taken a "strict approach" to the exhaustion requirement found in 42 U.S.C. §1997e(a), emphasizing that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The Texas Department of Criminal Justice has a formal, two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure which, at Step 1, entails submitting an administrative grievance at the institutional level, followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *Id.* Step 2 grievances are reviewed at the state level. *Id.* A Texas prisoner must pursue a grievance through both

steps to satisfy the exhaustion requirement. *See id.* (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In this case, the plaintiff did not exhaust administrative grievances with respect to any of the claims made the basis of this lawsuit except the claim of property deprivation. Grievances filed during the relevant time period reveal that plaintiff filed several Step One grievances regarding some of the claims made the basis of this suit, but he failed to follow up with Step Two grievances. (ECF No. 10 - *Martinez* Report). As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt dispassionate investigation." *Wright*, 260 F.3d at 358. By failing to complete the grievance process, plaintiff deliberately bypassed this avenue of administrative review. As such, all claims except those alleging property deprivation must be dismissed for failure to exhaust administrative remedies.

Regarding his claim of property deprivation, plaintiff alleges that "some of [his] legal work and family photos came up missing" after he was moved from solitary confinement to medium custody. In the response to his grievances, the Assistant Warden stated that there was no property belonging to the plaintiff in the Offender Property Office, and that an investigation revealed no evidence to substantiate plaintiff's claim that any of his property had been taken. (ECF No. 10, Griev. No. 2010207310.)

The plaintiff's claim for unconstitutional deprivation of personal property is without merit. It is well established that a negligent, random, unauthorized or even intentional deprivation of property by state officials does not rise to the level of a

constitutional violation under section 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy; *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied*, 464 U.S. 897 (1983). Because state law provides plaintiff a post-deprivation remedy, this claim must be dismissed.

The Court would also note that plaintiff seeks "accommodation" as relief. If, by the term "accommodation," plaintiff means monetary compensation, his claim would be barred by the law of *Heck v. Humphrey,* 512 U.S. 477 (1994) even if administrative remedies had been exhausted. The plaintiff received a major disciplinary case for refusing to obey an order to move to a different cell. Under *Heck,* when a state prisoner seeks damages in a section 1983 suit, "the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," (in this case the disciplinary conviction). If it would, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in the disciplinary sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck,* 512 U.S. at 487. Because a judgment in favor of the plaintiff in this case would

necessarily imply the invalidity of his disciplinary conviction, and because the plaintiff has not shown that the disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or invalidated through a federal habeas proceeding, the plaintiff's section 1983 claims are barred under *Heck*.

For the foregoing reasons, the claim of property deprivation is **DISMISSED** with prejudice as frivolous and for failure to state a claim.  All remaining claims are **DISMISSED** with prejudice for failure to exhaust administrative remedies.

All pending motions, if any, are **DENIED.**

It is so **ORDERED.**

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Ms. Betty Parker.**

SIGNED this 19th day of November, 2012.

_____
Gregg Costa
United States District Judge